**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, ) ) ) | Case No. 14-cv-01252 |
| Plaintiff, ) ) ) | Judge Robert M. Dow, Jr. |
| v. ) ) | Mag. Judge Mary M. Rowland |
| HANGTIME, Inc., a Delaware corporation, and BUC MOBILE, Inc. d/b/a HOOK MOBILE, a Delaware corporation, ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Ismael Salam ("Plaintiff") brings this First Amended Class Action Complaint against Defendants Hangtime, Inc. ("Hangtime") and Buc Mobile, Inc. d/b/a Hook Mobile ("Hook Mobile"), (collectively, "Defendants") on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I. NATURE OF THE ACTION

1. Hangtime is a corporation that develops social applications for portable electronic devices, such as wireless phones. In an effort to market its products and services, Hangtime sent (or directed to be sent on its behalf) unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

404975.1

2. Hook Mobile is a mobile cloud services company based in Vienna, Virginia. It claims to have expertise in mobile messaging, device, and network intelligence. Hook Mobile, on behalf of Hangtime, sent unsolicited text messages to the wireless telephones of Plaintiff without prior express written consent in violation of the TCPA.

3. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Hangtime or Hook Mobile to send text messages to their wireless telephones.

4. By sending such unauthorized text messages, Hangtime and Hook Mobile caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

5. In order to redress these injuries, Plaintiff seeks an injunction requiring Hangtime and Hook Mobile to cease all unsolicited text message activities, and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.   JURISDICTION AND VENUE

6. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Hangtime, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

7. This Court has personal jurisdiction over Hangtime under the Illinois long-arm statute, 735 ILCS 5/2-209, because Hangtime engaged in solicitation or service activities within

the State of Illinois. This Court also has personal jurisdiction over Hangtime because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Hangtime, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

8. This Court has personal jurisdiction over Hook Mobile under the Illinois long-arm statute, 735 ILCS 5/2-209, because Hook Mobile engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over Hook Mobile because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Hook Mobile, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III.  PARTIES

*Plaintiff*

10. Plaintiff Ismael Salam is an individual domiciled in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendants*

11. Defendant Hangtime is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business located in San Francisco County, California. For purposes of 28 U.S.C. § 1332, Hangtime is a citizen of the State of Delaware and the State of California.

12. Defendant Hook Mobile is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business in Fairfax County, Virginia. For purposes of 28 U.S.C. § 1332, Hook Mobile is a citizen of the State of Virginia.

### IV. FACTUAL BACKGROUND

*Background on Unsolicited SMS Activity*

13. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

15. SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

16. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited November 28, 2012).
[2] *Id.*

-4-

17. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

18. Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

19. As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express written consent.

*Hangtime's and Hook Mobile's Unsolicited SMS Message Advertisement to Plaintiff*

20. As part of its advertising campaign, Hangtime and Hook Mobile sent and continue to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

21. On February 17, 2014, Hangtime and/or Hook Mobile, on behalf of Hangtime, transmitted the following text message to Plaintiff's wireless phone:

> Your friend shared events with you on Hangtime.
> http://hangti.me/xy5PKHNybl

A true and correct copy of the text message is attached as Exhibit A.

22. The "from" field of such transmission was identified as "+1415815470."

23. Upon clicking on the hyperlink, http://hangti.me/xy5PKHNybl, the recipient is taken to Hangtime's website. (*See* Exhibit B.)

24. Hangtime's website tells recipient's "Don't Miss Out!" and asks them to download "Hangtime."

25. "Hangtime" is a social application developed and marketed by Hangtime for use with wireless phones.

26. Plaintiff's investigation has revealed that the source of the text message is Hook Mobile. As the message was purely a solicitation for Hangtime, Hook Mobile sent the message on Hangtime's behalf.

27. Hangtime and/or Hook Mobile, on behalf of Hangtime, sent or transmitted, or had sent or transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

28. On information and belief, Hangtime and/or Hook Mobile, on behalf of Hangtime, sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

29. Plaintiff never consented to in writing, requested, or otherwise desired or permitted Hangtime and Hook Mobile to send or transmit text messages to his wireless phone.

## V.   CLASS ALLEGATIONS

30. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendant Hangtime, Inc. (the "Class").

Excluded from the Class are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

31. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

32. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

33. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Hangtime's and Hook Mobile's conduct constitutes a violation of the TCPA;

   b. whether the equipment Hangtime and/or Hook Mobile used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

   c. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

   d. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Hangtime's and Hook Mobile's conduct; and

   e. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

34. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

35. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

36. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Hangtime and Hook Mobile have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

37. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the

benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39. Hangtime and/or its agents, including Hook Mobile, sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

40. Hangtime sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

41. Hangtime and/or Hook Mobile, on behalf of Hangtime, utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

42. By sending the unsolicited text messages to Plaintiff and the Class, Hangtime and Hook Mobile have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Hangtime's and Hook Mobile's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

43. Should the Court determine that Hangtime's and Hook Mobile's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ismael Salam, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Ismael Salam as the representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding of actual and statutory damages;

C. Requiring Defendant Hangtime, Inc. and Defendant Hook Mobile to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: April 8, 2014

Respectfully submitted,

ISMAEL SALAM, individually and on behalf of all others similarly situated

By: */s/ Katrina Carroll*
One of the Attorneys for Plaintiff
And the Proposed Putative Class

Katrina Carroll
*kcarroll@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**
One South Dearborn
Suite 2100
Chicago, Illinois 60603

312.212.4383
Fax: 312.212.5919
Fed Bar ID 6291405

-11-

404975.1