UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-cv-01252 |
| v. | ) ) | |
| HANGTIME, INC., a Delaware corporation, | ) ) | |
| Defendant. | ) ) | |

## ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Hangtime, Inc. ("Defendant" or "Hangtime") hereby answers the Second

Amended Class Action Complaint ("SAC") of Ismael Salam and others similarly situated

(collectively, "Plaintiff"). Hangtime's responses are made without waiving, and expressly

reserving, all rights that Hangtime has to file dispositive motions addressed to some or all of the

claims asserted in the SAC. Except as expressly admitted herein, each and every allegation in

the SAC is denied.

## I.    NATURE OF THE ACTION

1.    Hangtime is a corporation that develops social applications for portable electronic
devices, such as wireless phones. In an effort to market its products and services, Hangtime sent
(or directed to be sent on its behalf) unsolicited text messages to the wireless telephones of
Plaintiff and each of the members of the Class without prior express written consent in violation
of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

**ANSWER:**    Hangtime admits and avers that it has developed a mobile application that

allows its users to see their friends' activities. Except as specifically admitted or averred,

Hangtime denies each and every allegation contained in paragraph 1 of the SAC.

2.    Hook Mobile is a mobile cloud services company based in Vienna, Virginia. It
claims to have expertise in mobile messaging, device, and network intelligence. Hook Mobile,

1

on behalf of Hangtime, sent unsolicited text messages to the wireless telephones of Plaintiff without prior express written consent in violation of the TCPA.

**ANSWER:**   Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 2 of the SAC, and on that basis, denies these allegations.

3.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Hangtime or Hook Mobile to send text messages to their wireless telephones.

**ANSWER:**   Hangtime denies each and every allegation contained in paragraph 3 of the

SAC.

4.      By sending such unauthorized text messages, Hangtime and Hook Mobile caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

**ANSWER:**   Hangtime denies each and every allegation contained in paragraph 4 of the

SAC.

5.      In order to redress these injuries, Plaintiff seeks an injunction requiring Hangtime and Hook Mobile to cease all unsolicited text message activities, and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

**ANSWER:**   Hangtime admits that Plaintiff purports to bring this action as an

individual and on behalf of a class.  Hangtime denies each and every remaining allegation

contained in paragraph 5 of the SAC.  Hangtime further denies that Plaintiff or any purported

Class member is entitled to any relief.

## II.    JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Hangtime, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

**ANSWER:** The allegations in paragraph 6 of the SAC contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

7. This Court has personal jurisdiction over Hangtime under the Illinois long-arm statute, 735 ILCS 5/2-209, because Hangtime engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over Hangtime because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Hangtime, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

**ANSWER:** The allegations in paragraph 7 of the SAC contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations, except Hangtime admits and avers that Hangtime users may access the Hangtime application using the internet.

8. This Court has personal jurisdiction over Hook Mobile under the Illinois long-arm statute, 735 ILCS 5/2-209, because Hook Mobile engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over Hook Mobile because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Hook Mobile, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

**ANSWER:** Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 8 of the SAC, and on that basis, denies these allegations.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

**ANSWER:** The allegations in paragraph 9 of the SAC contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

### III.   PARTIES

*Plaintiff*

10.    Plaintiff Ismael Salam is an individual domiciled in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

**ANSWER:**   Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 10 of the SAC, and on that basis, denies these allegations.

*Defendants*

11.    Defendant Hangtime is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business located in San Francisco County, California. For purposes of 28 U.S.C. § 1332, Hangtime is a citizen of the State of Delaware and the State of California.

**ANSWER:**   Hangtime admits that it is a corporation organized and existing under the

laws of the State of Delaware with a principal place of business in San Francisco, California.

The remaining allegations in paragraph 11 of the SAC contain conclusions of law to which no

response is required.  To the extent a response is required, Hangtime denies those allegations.

12.    Defendant Hook Mobile is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business in Fairfax County, Virginia. For purposes of 28 U.S.C. § 1332, Hook Mobile is a citizen of the State of Virginia.

**ANSWER:**   Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 12 of the SAC, and on that basis, denies these allegations.

### IV.   FACTUAL BACKGROUND

*Background on Unsolicited SMS Activity*

13.    In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

**ANSWER:**   Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 13 of the SAC, and on that basis, denies those allegations.

14.     One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

**ANSWER:**     Hangtime admits that a "Short Message Service" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages, usually limited to 160 characters, to and from wireless telephones. Hangtime lacks sufficient information on which to admit or deny the remaining allegations of paragraph 14 of the SAC, and on that basis, denies those allegations.

15.     SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

**ANSWER:**     Hangtime admits that an SMS is a text message directed to a wireless device through the use of the telephone number assigned to the device. Hangtime admits and avers that in circumstances where an SMS is successfully sent to a recipient, the recipient's wireless device may ring or otherwise alert the recipient that the text message has been received. Hangtime lacks sufficient information on which to admit or deny the remaining allegations of paragraph 15 of the SAC, and on that basis, denies those allegations.

16.     According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."

**ANSWER:**     Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 16 of the SAC, and on that basis, denies those allegations.

Paragraph 16, Footnote 1. Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phonesand-American-Adults.aspx (last visited November 28, 2012).

**ANSWER:**    Hangtime lacks sufficient information on which to admit or deny the

allegations of footnote 1 of the SAC, and on that basis, denies those allegations.

Paragraph 16, Footnote 2. *Id.*

**ANSWER:**    Hangtime lacks sufficient information on which to admit or deny the

allegations of footnote 2 of the SAC, and on that basis, denies those allegations.

17.    Unlike more conventional advertisements, SMS message advertisements can
actually cost their recipients money because wireless phone users must pay their wireless service
providers either for each text message call they receive or incur a usage allocation deduction to
their text messaging plan, regardless of whether the message is authorized.

**ANSWER:**    Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 17 of the SAC, and on that basis, denies those allegations.

18.    Due to the growing concern over unwanted SMS message advertisements, the
Federal Communications Commission ("FCC") updated its rules on consent.

**ANSWER:**    Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 18 of the SAC, and on that basis, denies those allegations.

19.    As of October 16, 2013, senders of SMS message advertisements for goods or
services must obtain the recipient's prior express written consent.

**ANSWER:**    The allegations in paragraph 19 of the SAC contain conclusions of law to

which no response is required.  To the extent a response is required, Hangtime denies those

allegations.

*Hangtime's and Hook Mobile's Unsolicited SMS Message Advertisement to Plaintiff*

20.    As part of its advertising campaign, Hangtime and Hook Mobile sent and
continue to send unsolicited text messages to Plaintiff's and the Class members' wireless phones
without prior express written consent.

**ANSWER:**    Hangtime admits and avers that when a user registers with Hangtime, the

user provides Hangtime with the cell phone numbers of the user's friends, family members,

6

and/or others in the user's address book in order to inform those contacts of the user's activities. Except specifically admitted or averred, Hangtime denies each and every allegation contained in paragraph 20 of the SAC.

21.     On February 17, 2014, Hangtime and/or Hook Mobile, on behalf of Hangtime, transmitted the following text message to Plaintiff's wireless phone:

> Your friend shared events with you on Hangtime.
> http://hangti.me/xy5PKHNybl

A true and correct copy of the text message is attached as Exhibit A.

**ANSWER:**    Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 21 and Exhibit A of the SAC, and on that basis, denies those allegations.

22.     The "from" field of such transmission was identified as "+1415815470."

**ANSWER:**    Hangtime lacks sufficient information on which to admit or deny the allegations of paragraph 22 of the SAC, and on that basis, denies those allegations.

23.     Upon clicking on the hyperlink, http://hangti.me/xy5PKHNybl, the recipient is taken to Hangtime's website. (See Exhibit B.)

**ANSWER:**    Hangtime admits and avers that a Hangtime user may initiate the sending of an SMS to his or friends about an event either by tapping "Add Friends" or by tapping "Interested" and then choosing the friends who the user wants to receive the message. If a user taps "Add Friends", the user sends a message that includes a link to the user's events on Hangtime. If a user taps "Include Friends", the user sends a message that includes a link to an event the user thinks his or her friend might like. Except as specifically admitted or averred, Hangtime denies each and every allegation of paragraph 23 and Exhibit B of the SAC.

24.     Hangtime's website tells recipient's "Don't Miss Out!" and asks them to download "Hangtime."

**ANSWER:**     Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 24 of the SAC, and on that basis, denies those allegations.

25.     "Hangtime" is a social application developed and marketed by Hangtime for use
with wireless phones.

**ANSWER:**     Hangtime admits and avers that it has developed a mobile application that

allows its users to see their friends' activities.  Except as specifically admitted or averred,

Hangtime denies each and every allegation contained in paragraph 25 of the SAC.

26.     Plaintiff's investigation has revealed that the source of the text message is Hook
Mobile. As the message was purely a solicitation for Hangtime, Hook Mobile sent the message
on Hangtime's behalf.

**ANSWER:**     Hangtime lacks sufficient information on which to admit or deny the

allegations of paragraph 26 of the SAC, and on that basis, denies these allegations.

27.     Hangtime and/or Hook Mobile, on behalf of Hangtime, sent or transmitted, or had
sent or transmitted on its behalf, the same (or substantially the same) text messages en masse to a
list of thousands of wireless telephone numbers or randomly generated phone numbers.

**ANSWER:**     Hangtime denies each and every allegation contained in paragraph 27 of

the SAC.

28.     On information and belief, Hangtime and/or Hook Mobile, on behalf of
Hangtime, sent these text messages to Plaintiff and the Class members using equipment that had
the capacity to store or produce telephone numbers to be called using a random or sequential
number generator, and to dial such numbers.

**ANSWER:**     Hangtime denies each and every allegation contained in paragraph 28 of

the SAC.

29.     Plaintiff never consented to in writing, requested, or otherwise desired or
permitted Hangtime and Hook Mobile to send or transmit text messages to his wireless phone.

**ANSWER:**     Hangtime denies each and every allegation contained in paragraph 29 of

the SAC.

## V.   CLASS ALLEGATIONS

30.     Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendant Hangtime, Inc. (the "Class").

Excluded from the Class are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

**ANSWER:**    Hangtime admits that Plaintiff purports to bring this action as an

individual and on behalf of a class. The remaining allegations in paragraph 30 of the SAC

contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is

required. To the extent a response is required, Hangtime denies those allegations.

31.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

**ANSWER:**    The allegations in paragraph 31 of the SAC contain conclusions of law as

to Federal Rule of Civil Procedure 23 to which no response is required.  To the extent a response

is required, Hangtime denies those allegations.

32.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

**ANSWER:**    The allegations in paragraph 32 of the SAC contain conclusions of law as

to Federal Rule of Civil Procedure 23 to which no response is required.  To the extent a response

is required, Hangtime denies those allegations.

33. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.    whether Hangtime's and Hook Mobile's conduct constitutes a violation of the TCPA;

    b.    whether the equipment Hangtime and/or Hook Mobile used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

    c.    whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    d.    whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Hangtime's and Hook Mobile's conduct; and

    e.    whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

**ANSWER:** The allegations in paragraph 33 of the SAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

34. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

**ANSWER:** The allegations in paragraph 34 of the SAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

35. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

**ANSWER:** The allegations in paragraph 35 of the SAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

36. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Hangtime and Hook Mobile have acted or refused to act on grounds generally applicable to

Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

**ANSWER:** The allegations in paragraph 36 of the SAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations. Hangtime further denies that Plaintiff or any purported Class member is entitled to any relief.

37. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**ANSWER:** The allegations in paragraph 37 of the SAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Hangtime denies those allegations.

## VI.   CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

38. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** Hangtime incorporates its above responses to paragraphs 1-37 (and footnotes 1 and 2) of the SAC as though fully set forth herein.

39. Hangtime and/or its agents, including Hook Mobile, sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members en masse without their prior express written consent.

**ANSWER:** The allegations in paragraph 39 of the SAC contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

40. Hangtime sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

**ANSWER:** The allegations in paragraph 40 of the SAC contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

41. Hangtime and/or Hook Mobile, on behalf of Hangtime, utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

**ANSWER:** The allegations in paragraph 41 of the SAC contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations.

42. By sending the unsolicited text messages to Plaintiff and the Class, Hangtime and Hook Mobile have violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Hangtime's and Hook Mobile's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their wireless phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

**ANSWER:** The allegations in paragraph 42 of the SAC contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations. Hangtime further denies that Plaintiff or any purported Class member is entitled to any relief.

43. Should the Court determine that Hangtime's and Hook Mobile's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

**ANSWER:** The allegations in paragraph 43 of the SAC contain conclusions of law to which no response is required. To the extent a response is required, Hangtime denies those allegations. Hangtime further denies that Plaintiff or any purported Class member is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiff's SAC, Hangtime alleges the following Affirmative Defenses based on information and belief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's SAC fails to state a claim against Hangtime upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Hangtime are barred by the doctrine of waiver and other equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties, without whom, in equity and fairness, this action should not proceed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged in this action. Plaintiff further lacks standing to pursue claims for injunctive relief because there is no risk of future injury.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Hangtime are barred, in whole or in part, because the damages or injury allegedly suffered by Plaintiff would be the proximate result, either in whole or in part,

of acts or omissions of persons or entities other than Hangtime.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the SAC and, pursuant to the doctrines of assumption of the risk and/or informed consent, such conduct bars, in whole or in part, the damages that Plaintiff seeks to recover herein.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages, as a result of the alleged conduct of Hangtime.

## EIGHTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on his behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Hangtime to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Hangtime.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to the receipt of the alleged text message or text messages within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged text message or text

messages at issue are excepted from and/or do not fall within the purview of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements

of Rule 23 of the Federal Rules of Civil Procedure are not met.

## TWELFTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because individual issues

predominate over issues common to the class, and a class action is not superior to other available

methods for the fair and efficient adjudication of the controversy.

## THIRTEENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case

is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

## PRAYER FOR RELIEF

Having responded to the allegations of Plaintiff's SAC as set forth above, Hangtime

denies that Plaintiff is entitled to any relief sought, and requests that the Court (1) order that

Plaintiff takes nothing by the SAC and dismiss the SAC with prejudice; (2) enter judgment in

Hangtime's favor; (3) award Hangtime its costs of suit and attorneys' fees; and (4) award

Hangtime any other relief as the Court deems just and proper.

## JURY DEMAND

Hangtime respectfully requests a trial by jury on all jury-triable issues in Plaintiff's SAC.

Date:  April 28, 2014                    Respectfully submitted,


                                         /s/ Louis D. Bernstein
                                         Louis D. Bernstein
                                         *lbernstein@law-ldb.com*
                                         Michael P. McBride
                                         *mmcbride@law-ldb.com*
                                         BERNSTEIN LAW FIRM
                                         350 N. Clark Street, Suite 400
                                         Chicago, IL 60654
                                         Tel.: (312) 645-6091
                                         Fax.: (312) 780-0703

                                         Patrick S. Thompson (*pro hac vice*)
                                         *pthompson@goodwinprocter.com*
                                         Hong-An Vu (*pro hac vice*)
                                         *hvu@goodwinprocter.com*
                                         GOODWIN PROCTER LLP
                                         Three Embarcadero Center, 24th Floor
                                         San Francisco, CA 94111
                                         Tel.:  (415) 733-6000
                                         Fax.:  (415) 677-9041

                                         *Attorneys for Defendant*
                                         *HANGTIME, INC.*

## CERTIFICATE OF SERVICE

I, Louis D. Bernstein, an attorney, certify that on April 28, 2014, I caused to be filed the Answer to Second Amended Class Action Complaint, which was served upon all parties of record by the CM/ECF system.


/s/ Louis D. Bernstein