FILED
JUN 1 9 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: | MDL Docket No. 14-70 |
| *Hangtime Telephone Consumer Protection Act Litigation* | |

MEMORANDUM OF LAW IN SUPPORT OF HANGTIME, INC.'S MOTION TO
TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA
PURSUANT TO 28 U.S.C. § 1407

Patrick S. Thompson (Cal. Bar No. 160804)
*pthompson@goodwinprocter.com*
Hong-An Vu (Cal. Bar No. 266268)
*hvu@goodwinprocter.com*
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Telephone: 415.733.6000
Facsimile: 415.677.9041

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---:|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| BACKGROUND | | 1 |
| I. | The Related Actions | 1 |
| II. | The Northern District of California | 2 |
| ARGUMENT | | 3 |
| I. | The Related Actions Share Common Questions of Fact and Law | 3 |
| II. | Transfer Will Promote Party and Witness Convenience and Efficiency | 4 |
| III. | The Northern District of California is the Most Appropriate Forum | 6 |
| CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atebar v. Hawthorne Labs, Inc.*,
  Case No. 5:14-cv-01285 (N.D. Cal.) ..................................................................................7

*Atebar v. TextMe, Inc.*,
  Case No. 14-cv-01139-NC (N.D. Cal.) ...............................................................................8

*Chen v. Regents of the University of California*,
  Case No. 5:14-cv-02312 (N.D. Cal.) ..................................................................................8

*Fields v. Mobile Messengers Am., Inc.*,
  C12-05160 WHA, 2013 WL 6774076 (N.D. Cal. Dec. 23, 2013) .......................................8

*Goodman v. Hangtime, Inc.*,
  Case No. 14-cv-1022 (N.D. Ill.) ................................................................................1, 2, 5

*Gragg v. Orange Cab Co., Inc.*,
  C12-0576RSL (W.D. Wash. 2014), *appeal docketed*, No. 14-80036 (9th Cir. 2014) ...............8

*Harnish v. Tictoc Planet, Inc.*,
  Case No. 5:14-cv-02321 (N.D. Cal.) ..................................................................................8

*Huricks v. Shopkick, Inc.*,
  Case No. 4:14-cv-02464 (N.D. Cal.) ..................................................................................8

*In re Aon Corp. Wage & Hour Emp't. Practices Litig.*,
  581 F. Supp. 2d 1376 (J.P.M.L. 2008) .............................................................................4, 6

*In re Boise Cascade Secs. Litig.*,
  364 F. Supp. 459 (J.P.M.L. 1973) .......................................................................................5

*In re Canon U.S.A., Inc. Digital Camera Prods. Liab. Litig.*,
  416 F. Supp. 2d 1369 (J.P.M.L. 2006) ................................................................................6

*In re ClassicStar Mare Lease Litig.*,
  528 F. Supp. 2d 1345 (J.P.M.L. 2007) ................................................................................9

*In re Cuisinart Food Processor Antitrust Litig.*,
  506 F. Supp. 651 (J.P.M.L. 1981) .......................................................................................3

*In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*,
  2012 WL 7764151 (J.P.M.L. Apr. 6, 2012) ........................................................................9

*In re Dept. of Veterans Affairs*,
   461 F. Supp. 2d ...........................................................................................................4

*In re Ford Motor Co. Crown Victoria Police Interceptor Prod. Liab. Litig.*,
   229 F. Supp. 2d 1377 (J.P.M.L. 2002) ....................................................................6

*In re GNC Corp. Triflex Products Marketing and Sales Practices Litig.*,
   2013 WL 6825601, --- F.Supp.2d --- (J.P.M.L. Dec. 17, 2013) .............................7

*In re Grain Shipments*,
   319 F. Supp. 533 (J.P.M.L. 1970) ...........................................................................4

*In re Health Management Associates, Inc. Qui Tam Litigation (No. II)*,
   MDL No. 2524, 2014 WL 1338479 (J.P.M.L. Apr. 3, 2014) ..................................6

*In re Managed Care Litig.*,
   246 F. Supp. 2d 1363 (J.P.M.L. 2003) ....................................................................3

*In re Maytag Corp. Neptune Washer Prods. Liab. Litig.*,
   333 F. Supp. 2d 1382 (J.P.M.L. 2004) ....................................................................6

*In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*,
   — F. Supp. 2d —, 2013 WL 6705167 (J.P.M.L. Dec. 16, 2013) ...........................9

*In re NovaStar Home Mortg. Inc. Mortg. Lending Practices Litig.*,
   368 F. Supp. 2d 1353 (J.P.M.L. 2005) ....................................................................4

*In re Pharmastem Therapeutics, Inc. Patent Litig.*,
   360 F. Supp. 2d 1362 (J.P.M.L. 2005) ....................................................................5

*In re South African Apartheid Litig.*,
   238 F. Supp. 2d 1379 (J.P.M.L. 2002) ....................................................................3

*In re Sw. Life Ins. Co. Sales Practices Litig.*,
   268 F. Supp. 2d 1377 (J.P.M.L. 2003) ....................................................................6

*In re West, Inc. Sec. Litig.*,
   384 F. Supp. 609 (J.P.M.L. 1974) ........................................................................3, 4

*Kozlow v. Hangtime, Inc.*,
   3:14-cv-2249 (N.D.Cal.) ...................................................................................2, 3, 7

*Mendez v. C-Two Group, Inc.*,
   Case No. 13-cv-05914-EMC (N.D. Cal. Apr. 21, 2014) ........................................8

*Miller v. EDSOUP.com, LLC*,
   Case No. 3:14-cv-01277 (N.D. Cal.) .......................................................................7

*Phillips v. 24 Hour Fitness United States, Inc.*,
    Case No. 3:14-cv-02327 (N.D. Cal.) ..................................................................................8

*Rodriguez v. Bebe Stores, Inc.*,
    Case No. 3:14-cv-01968 (N.D. Cal.) ..................................................................................8

*Roylance v. ALG Real Estate Servs.*,
    Case No. 5:14-cv-02445 (N.D. Cal.) ..................................................................................8

*Salam v. Hangtime, Inc. et al.*,
    Case No. 14-cv-01252 (N.D. Ill.) ...........................................................................1, 2, 5, 7

*Sims v. Hangtime, Inc.*,
    14-cv-10427 (D. Mass.) ..................................................................................................1, 2

**STATUTES**

28 U.S.C. § 1407(a) ...............................................................................................................1, 3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 26(f) ........................................................................................2

# PRELIMINARY STATEMENT

Hangtime, Inc. ("Hangtime") respectfully seeks an order pursuant to 28 U.S.C. § 1407(a) centralizing four cases alleging that Hangtime violated the Telephone Consumer Protection Act ("TCPA") by using an automatic telephone dialing system ("ATDS") to send text messages to plaintiffs without their prior consent (the "Related Actions"). In light of the common legal and factual allegations in the Related Actions, centralization of the actions in a single district for coordinated pretrial proceedings is warranted. Given Hangtime's position as a start-up company with extremely limited resources, the significant amount of discovery that is likely to take place in Northern California, and a growing number of TCPA actions currently pending before the Northern District of California, including an action naming Hangtime as a defendant, Hangtime respectfully recommends Northern District of California as the most appropriate forum for coordination of the Related Actions.

# BACKGROUND

## I. The Related Actions

On or about January 16, 2014, the first plaintiff filed suit against Hangtime alleging violations of the TCPA in the Circuit Court of Cook County, Illinois. Hangtime removed that action to the Northern District of Illinois on February 13, 2014 – *Goodman v. Hangtime, Inc.*, Case No. 14-cv-1022 (N.D. Ill.). On February 19, 2014, another plaintiff brought suit against Hangtime in the Northern District of Illinois, *Salam v. Hangtime, Inc. et al.*, Case No. 14-cv-01252, (N.D. Ill.), alleging similar violations of the TCPA.[1] On February 26, 2014, a nearly identical third action was filed against Hangtime in the District of Massachusetts – *Sims v.*

---

[1] In *Salam*, plaintiff named an additional defendant, Buc Mobile, Inc., dba Hook Mobile, Inc. ("Hook Mobile"). Goodwin Procter LLP, lead counsel representing Hangtime in the Related Actions, also represents Hook Mobile.

*Hangtime, Inc.*, 14-cv-10427 (D. Mass.). The most recent suit was filed against Hangtime in the Northern District of California on May 15, 2014 – *Kozlow v. Hangtime, Inc.*, 3:14-cv-2249 (N.D.Cal.) – alleging essentially the same violations under the TCPA as the other three actions.

All four cases involve identical facts and the same, single legal issue, and purport to be putative nationwide class actions on behalf of anyone who received a text message from Hangtime. Each action is predicated on the legal[2] and factual theory that Hangtime used an ATDS to send unauthorized text messages in violation of the TCPA. All plaintiffs seek injunctive relief requiring Hangtime to cease sending allegedly unsolicited text messages and an award of statutory damages to the plaintiffs and putative class members.

The Related Actions are in their early procedural stages. Responsive pleadings have been filed in three of the four cases. Although the plaintiffs in *Goodman* and *Salam* have propounded written discovery,[3] Hangtime intends to file motions to stay those proceedings to conserve the resources of the courts and to lessen any burden that Hangtime would face in responding to duplicative discovery prior to the issuance of a decision by this Panel.

## II. The Northern District of California

Hangtime, Inc. is a small start-up company that has developed a mobile application that allows its users to share information with their friends and family members about activities that the users believe would be of interest. Hangtime's principal place of business is located in San

---

[2] Although the plaintiff in *Sims* also alleges an additional cause of action—that Hangtime violated Massachusetts Unfair Competition Law, M.G.L. c.93A—that claim is based on the same factual allegation that Hangtime sent an unsolicited text message to plaintiff without obtaining plaintiff's prior consent.

[3] Hangtime has consistently informed counsel for Goodman and Salam during the parties' Federal Rule of Civil Procedure 26(f) conferences that no discovery should be conducted at this time given Hangtime's intention to coordinate discovery in the related actions in the transferee court should the motion to transfer be granted. Notwithstanding their representation that they agree to postpone discovery pending Hangtime's motion to transfer, plaintiffs in *Goodman* and *Salam* propounded written discovery.

Francisco, California. Hangtime's lead counsel in the Related Actions, Goodwin Procter LLP, is located in San Francisco. As stated above, the most recent action, *Kozlow*, was filed in the Northern District of California. Both counsel for Goodman (the first filed action) and Kozlow have offices in California. Because the Related Actions are consumer class actions focused on Hangtime's technology, the vast majority of the discovery will be directed to Hangtime, including depositions of Hangtime personnel and written discovery relating to the issue of whether Hangtime uses equipment that is an ATDS within the meaning of the TCPA, all of which are located in San Francisco. There are also already a number of TCPA cases currently pending before the Northern District of California, and a case concerning the ATDS issue is currently pending before the Court of Appeals for the Ninth Circuit. All of this makes the Northern District of California an appropriate forum for coordination of the Related Actions.

## ARGUMENT

### I. The Related Actions Share Common Questions of Fact and Law

The standard for transferability and coordination under section 1407 is the presence of common questions of fact. *In re Managed Care Litig.*, 246 F. Supp. 2d 1363 (J.P.M.L. 2003); *In re South African Apartheid Litig.*, 238 F. Supp. 2d 1379 (J.P.M.L. 2002); *see also* 28 U.S.C. § 1407(a) (holding that transfer and coordination of actions pending in different districts are appropriate where the cases share "common questions of fact" such that centralization in a single district will "promote the just and efficient conduct of such actions"). Common questions exist where "two or more complaints assert comparable allegations . . . based on similar transactions and events." *In re West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981).

The Related Actions purport to represent the interests of the same nationwide class of consumers with respect to the same legal issue – that is, whether Hangtime used an ATDS to

send consumers unwanted text messages without their consent. Because the Related Actions involve the same legal and factual issues against a common defendant, they should be coordinated. *See In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974) ("[W]hen two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events, common factual questions are presumed."); *In re Grain Shipments*, 319 F. Supp. 533, 535 (J.P.M.L. 1970) ("Where multidistrict litigation involves two or more categories of cases with some overlapping questions of fact and some unique questions of fact it has generally been thought desirable to transfer them to a single district and to assign them to a single judge.").

## II. Transfer Will Promote Party and Witness Convenience and Efficiency

Transfer of multiple actions sharing similar allegations to a single forum is commonplace and proper where, as here, it will prevent duplicative discovery and eliminate the possibility of inconsistent rulings. *See, e.g., In re Aon Corp. Wage & Hour Emp't. Practices Litig.*, 581 F. Supp. 2d 1376, 1377 (J.P.M.L. 2008) (centralizing two employment misclassification cases "where the relevant decision makers and documents will likely be found"); *In re NovaStar Home Mortg. Inc. Mortg. Lending Practices Litig.*, 368 F. Supp. 2d 1353, 1354 (J.P.M.L. 2005) (centralizing two consumer cases "shar[ing] factual questions arising out of allegations that payment and/or non-disclosure of mortgage settlement/referral fees . . . violated the Real Estate Settlement Procedures Act").

Transfer of the Related Actions to a single district is warranted because all parties will seek the same or substantially similar documentary evidence and depose the same or substantially similar witnesses. *See In re Dept. of Veterans Affairs*, 461 F. Supp. 2d at 1368-9 ("Transfer under Section 1407 . . . offer[s] the benefit of placing all actions in one docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate

discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions."). Coordination is particularly appropriate because the Related Actions are in their early stages. Responsive pleadings have been filed in three of the four Related Actions, and no dispositive motions have been filed in any of the cases.

Centralization in a single court would result in a coordinated case management schedule that minimizes the possibility of duplicative discovery on the same issues raised in all four Related Actions. Discovery is routinely coordinated in multi-district litigation to ensure economies and lessen the burden on the parties and the courts, especially burdens associated with duplicative discovery efforts. *See In re Pharmastem Therapeutics, Inc. Patent Litig.*, 360 F. Supp. 2d 1362, 1364 (J.P.M.L. 2005) (MDL will ensure "all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions"); *In re Boise Cascade Secs. Litig.*, 364 F. Supp. 459, 461 (J.P.M.L. 1973) (ordering transfer so that "duplication of discovery and unnecessary expenditure of judicial time and energy [may] be avoided"). The plaintiffs in *Goodman* and *Salam* have already propounded requests for production of documents and interrogatories. Though the discovery covers the same general subject matter, the requests are not identical. Without prompt coordination of the Related Actions, Hangtime faces the burden of responding to four different sets of discovery on substantially the same issues.

Coordination will also decrease potential for disruption and prejudice caused by parallel prosecution of four actions seeking class-wide relief under the TCPA. Allowing the Related Actions to proceed simultaneously may result in putative class members receiving inconsistent

relief. Centralization eliminates this risk. The Panel has consistently held that when the risk of overlapping or inconsistent class determinations exists, transfer of actions to a single district for centralized pretrial proceedings is necessary to eliminate the possibility of inconsistent pretrial rulings, especially those concerning class issues. *In re Aon Corp.*, 581 F. Supp. 2d at 1376; *In re Ford Motor Co. Crown Victoria Police Interceptor Prod. Liab. Litig.*, 229 F. Supp. 2d 1377 (J.P.M.L. 2002) (finding centralization of six consumer cases "necessary in order to . . . prevent inconsistent or repetitive pretrial rulings [such as those regarding class certification]"). Transfer is often granted in situations where a similar or even lesser number of class actions as those involved here are pending. *See, e.g., In re Maytag Corp. Neptune Washer Prods. Liab. Litig.*, 333 F. Supp. 2d 1382, 1382-83 (J.P.M.L. 2004) (ordering transfer of three putative class actions pending in three districts); *In re Canon U.S.A., Inc. Digital Camera Prods. Liab. Litig.*, 416 F. Supp. 2d 1369, 1370-71 (J.P.M.L. 2006) (ordering the transfer of two putative class actions and one potential tagalong section pending in two districts). In order to avoid inconsistent discovery and pretrial rulings going forward and in the interest of the parties and judicial economy, these actions should be centralized.

## III. The Northern District of California is the Most Appropriate Forum

The primary considerations in determining the appropriate transferee district are whether centralization in that district will serve to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. *See In re Sw. Life Ins. Co. Sales Practices Litig.*, 268 F. Supp. 2d 1377, 1377-78 (J.P.M.L. 2003). This is true even where none of the constituent actions is pending before the proposed transferee district. *See In re Health Management Associates, Inc. Qui Tam Litigation (No. II)*, MDL No. 2524, 2014 WL 1338479, at *2 (J.P.M.L. Apr. 3, 2014) (holding that transfer to a district is appropriate where counsel for both the defendants and some of the plaintiffs are located there,
ACTIVE/73619392.1 6

litigation in another district would "impose an exceptional burden" on some of the defendants, and the judge assigned the coordinated actions is well equipped to handle the litigation).

The Panel should order transfer of the Related Actions to the Northern District of California. Doing so would conserve the parties' resources, avoid the undue burden placed on Hangtime to litigate in an out-of-state court, and allow a streamlined process for discovery.

First, one of the four Related Actions—*Kozlow*—is already pending before the Northern District of California.

Second, Hangtime is a small start-up company in San Francisco, California. Lead counsel for Hangtime and Hook Mobile (co-defendant in *Salam*), Goodwin Procter LLP, is located in San Francisco. Two of the four plaintiffs' counsel also have offices in California. Coordination of the Related Actions in California would eliminate Hangtime's expenses of associating local counsel in the Northern District of Illinois or elsewhere.

Third, a majority of discovery will likely focus on Hangtime's technology, which will in turn involve deposing Hangtime's representatives and requiring Hangtime to produce documents related to Hangtime's technology—all of which will be conducted in San Francisco. *See In re GNC Corp. Triflex Products Marketing and Sales Practices Litig.*, 2013 WL 6825601, --- F.Supp.2d ---, at *1 (J.P.M.L. Dec. 17, 2013) (holding that related actions should be transferred to a district in part because the district "is relatively close to [the] defendants' headquarters . . . , where common evidence is likely to be located").

Fourth, the Northern District of California is well-equipped to consider the central issues in the Related Actions. A significant number of cases alleging TCPA violations are currently pending before the Northern District of California. *See, e.g., Miller v. EDSOUP.com, LLC,* Case No. 3:14-cv-01277 (N.D. Cal.); *Atebar v. Hawthorne Labs, Inc.,* Case No. 5:14-cv-01285 (N.D.

Cal.); *Atebar v. TextMe, Inc.*, Case No. 14-cv-01139-NC (N.D. Cal.); *Rodriguez v. Bebe Stores, Inc.*, Case No. 3:14-cv-01968 (N.D. Cal.); *Chen v. Regents of the University of California*, Case No. 5:14-cv-02312 (N.D. Cal.); *Harnish v. Tictoc Planet, Inc.*, Case No. 5:14-cv-02321 (N.D. Cal.); *Phillips v. 24 Hour Fitness United States, Inc.*, Case No. 3:14-cv-02327 (N.D. Cal.); *Roylance v. ALG Real Estate Servs.*, Case No. 5:14-cv-02445 (N.D. Cal.); *Huricks v. Shopkick, Inc.*, Case No. 4:14-cv-02464 (N.D. Cal.). The Northern District of California recently addressed the liability of third-party communications platform providers that do not create content or control the timing of the messages sent to consumers, and held that to be liable under the TCPA, the defendant would need to be the originator or controller of the content of the text message.[4] In late 2013, the Northern District of California also considered a motion for summary judgment regarding the issue of whether a defendant's equipment constituted an ATDS, a potentially outcome determinative issue in the Related Actions.[5] Notably, the Ninth Circuit is currently considering a TCPA action that has been certified for interlocutory appeal from the Western District of Washington[6] regarding the definition of an ATDS under the TCPA. The resulting Ninth Circuit decision should provide helpful guidance for the Related Actions if they are transferred to the Northern District of California.

---

[4] *Mendez v. C-Two Group, Inc.*, Case No. 13-cv-05914-EMC (N.D. Cal. Apr. 21, 2014) (order granting motion to dismiss).

[5] *Fields v. Mobile Messengers Am., Inc.*, C12-05160 WHA, 2013 WL 6774076 (N.D. Cal. Dec. 23, 2013) (denying summary judgment because genuine issue existed as to whether defendant's equipment was an ATDS).

[6] *Gragg v. Orange Cab Co., Inc.*, C12-0576RSL (W.D. Wash. 2014), *appeal docketed*, No. 14-80036 (9th Cir. 2014).

Finally, the Federal Communications Commission is currently considering a petition filed by TextMe, Inc.,[7] defendant in one of the TCPA cases pending before the Northern District of California. In the petition, TextMe requested that the FCC clarify certain aspects of the TCPA, including the meaning of the term "capacity" as used in the TCPA's definition of "automatic telephone dialing system." Any clarification by the FCC should provide further guidance to courts in the Northern District of California on the subject matter here at issue.

While it may be the case that transfer to the Northern District of California would inconvenience some of the plaintiffs' attorneys, such transfer is often necessary to expedite resolution of the litigation taken as a whole. This notion has been consistently reaffirmed by this Panel. *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, — F. Supp. 2d —, 2013 WL 6705167, at *2 (J.P.M.L. Dec. 16, 2013); *In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 6, 2012); *In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007). Thus, centralization in the Northern District of California would lead to just and expeditious resolution of the Related Actions to the overall benefit of all parties in these actions.

---

[7] *Petition for Expedited Declaratory Ruling and Clarification*, CG Docket No. 02-278, filed by TextMe, Inc. on Mar. 18, 2014.

## CONCLUSION

For the foregoing reasons, Hangtime respectfully requests that the Panel centralize the Related Actions in the Northern District of California.

Date: June 16, 2014

Respectfully submitted,

/s/ Patrick S. Thompson
Patrick S. Thompson
*pthompson@goodwinprocter.com*
Hong-An Vu
*hvu@goodwinprocter.com*
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Telephone: 415.733.6000
Facsimile: 415.677.9041

Attorneys for Defendant
*HANGTIME, INC.*